IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ZACK MORRIS, #A6047127, ) | CIV. NO. 13-00084 SOM/RLP |
| ) | |
| Plaintiff, ) | |
| ) | DISMISSAL ORDER |
| vs. ) | |
| ) | |
| TED SAKAI, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**DISMISSAL ORDER**

On February 20, 2013, state inmate Chris Grindling initiated this prisoner civil rights action on behalf of another inmate, Plaintiff Zack Morris, without Morris's consent. *See* Compl., ECF No. 1; Memorandum, ECF No. 5. On February 27, 2013, the court dismissed the complaint and all pending motions and directed Morris to submit an amended complaint and in forma pauperis ("IFP") application or payment on or before March 26, 2013, if he wished to continue with this action. *See* No. 6. Morris has not filed an amended complaint or IFP application or otherwise pursued this action. Rather, on March 25, 2013, Morris refused to accept mail forwarded to him by the Clerk of Court from inmate Grindling. *See* Grindling Decl. ECF No. 7; returned mail ECF No. 9.

Generally, the court considers five factors before dismissing an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir. 1986); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)(noting that "it is incumbent upon [the Ninth Circuit] to preserve the district courts' power to manage their dockets without being subject to endless vexatious noncompliance of litigants").

The court concludes that Morris's failure to respond indicates that he wishes to dismiss the action without prejudice. Although Morris is blind, he is able to respond to the court's order with help from prison officials, who are aware of Grindling's involvement in this action.  So that Morris's inaction will not prevent this Court from either proceeding with this action or controlling its docket, and to avoid prejudice to Defendants, this court, having concluded that Morris was unaware that Grindling had brought this action on his behalf and having given Morris the option of pursuing this action on his own, finds that all five factors favor dismissal.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a dismissal for failure to prosecute operates as an adjudication on the merits "[u]nless the court in its order for dismissal otherwise specifies."  Dismissal with prejudice would

be unnecessarily harsh and is not warranted here.  Accordingly, this action is DISMISSED without prejudice.

　　　　　IT IS SO ORDERED.

　　　　　DATED: Honolulu, Hawaii, March 28, 2013.



　　　　　　　　　　　　　　　　/s/ Susan Oki Mollway
　　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　　Chief United States District Judge

*Morris v. Sakai, et al.,* 1:13-cv-00084 SOM/RLP; Dismissal Order; G:\docs\prose attys\Ords\DMP\2013\Morris 13-84 som (dsml fail pros).wpd